IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AIDA KOUKOULARIS**, <br><br> Plaintiff, <br><br> v. <br><br> **DELTA BUILDING SERVICES CORPORATION**, and **DAVID KORN**, individually, <br><br> Defendants. | Civil Action No. <br><br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff AIDA KOUKOULARIS, on behalf of herself and all others similarly situated (collectively "Plaintiffs"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action and Class Action Complaint against Defendants DELTA BUILDING SERVICES CORPORATION, and DAVID KORN, individually (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated – janitorial workers – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

3. Plaintiff also brings this lawsuit against Defendants as a class action on behalf of herself and all other persons similarly situated – janitorial workers – who suffered damages as a result of Defendants' violations of the NJWHL pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiff performed non-exempt duties for the Defendants in Bergen County, New Jersey, within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, the Defendants were an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

## PARTIES

### Defendants

**Delta Building Services Corporation,**

9. Defendant, Delta Building Services Corporation, ("DELTA"), is a company which offers janitorial services.

10. Upon information and belief, DELTA's principle office is located in Rutherford, Bergen County, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, DELTA employs individuals to perform labor, such as cleaning and sweeping, on behalf of DELTA.

12. Upon information and belief, at all times relevant to this Complaint, DELTA's annual gross volume of sales made or business done was not less than approximately $500,000.00.

13. At all times relevant to this Complaint, DELTA was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Individual Defendant David Korn**

14. Upon information and belief, Defendant David Korn, is a resident of the State of New Jersey.

15. Upon information and belief, at all times relevant to this Complaint, Defendant David Korn has been an owner, partner, officers, and/or manager of DELTA.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant David Korn has had power over personnel decisions at DELTA, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant David Korn has had the power to determine employee policies at DELTA, including, but not limited to, time-keeping and payroll policies.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant David Korn has had power over payroll decisions at DELTA, including the power to retain time and/or wage records.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant David Korn has been actively involved in managing the day to day operations of DELTA.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant David Korn has had control over, and the power to change compensation practices at DELTA.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant David Korn has had the power to stop any illegal pay practices that harmed Plaintiffs.

22. Upon information and belief, at all times relative to this Complaint, individual Defendant David Korn was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiffs and similarly situated employees.

## Plaintiff

**Aida Koukoularis**

23. Plaintiff Aida Koukoularis ("Aida") is an adult individual who is a resident of South Hackensack, New Jersey.

24. Plaintiff Aida was employed by Defendants as a janitor from in or around June 16, 2007 through August 18, 2011.

25. Plaintiff Aida's duties included cleaning and sweeping the Liberty Science Center on behalf of Defendants.

26. Plaintiff Aida was scheduled to work in excess of (40) hours per workweek.

27. Plaintiff Aida was scheduled to work five (5) days per workweek for the operation of and to the benefit of Defendants business.

28. Plaintiff Aida routinely worked on average more than forty (40) hours per workweek on behalf of Defendants, but was never compensated for time spent prior to or after her scheduled hours.

29. Plaintiff Aida was paid on an hourly basis, but was never compensated one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per workweek.

30. A written consent form for Aida is attached as Exhibit A to this Collective Action Complaint.

## FACTS

31. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

32. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

33. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

34. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

Case 2:13-cv-07504-WHW-SCM Document 1 Filed 12/12/12/07/12 Page 5 of 8 PageID: 35

5

35. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendants.

36. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

37. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

38. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked overtime hours in one or more work periods, on or after December 7 2009, and did not receive time and one-half of their regular rate of pay.

39. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 39 above.

41. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each overtime hour worked per work period.

42. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

43. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to her at time and one half of their regular rate of pay for their overtime hours worked in a work period.

44. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

45. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

46. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 45 above.

47. Defendants' aforementioned conduct is in violation of the NJWHL.

48. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

49. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff AIDA KOUKOULARIS, and those similarly situated to her, who have or will become part of this collective action, demand judgment, against Defendants, DELTA BUILDING SERVICES CORPORATION, and DAVID KORN, individually, for the

7

payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: December 7, 2012            Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
12 South Orange Ave, Suite 3R
South Orange, NJ 07079
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*